USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

  - against -

                Civil Action No. 11 CV 1534 (RJH)
                (MHD)

TODD LESLIE TREADWAY,

                Defendant.

---

## DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO STRIKE IMPROPER ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Todd Leslie Treadway, appearing *Pro Se* (hereinafter, the "Pro Se Defendant")

respectfully submits this reply memorandum in further support of his motion to strike

(hereinafter, the "Motion to Strike") all or a portion of 12 allegations from plaintiff Securities

and Exchange Commission's (hereinafter, the "Plaintiff") Complaint (hereinafter, the

"Complaint") filed with this Court on March 7, 2011. In the Motion to Strike, Pro Se Defendant

moves this Court to strike (i) Plaintiff's multiple allegations that Pro Se Defendant was

"terminated" by Dewey & LeBoeuf, LLP (hereinafter, "Dewey") in November of 2008

(Complaint, ¶¶ 5 and 33, which allege, respectively, "[i]n November 2008, he was terminated

from that position" and "[a]fter more inquiry and a review of Defendant's billing records, D&L

terminated Defendant effective November 18, 2008"); (ii) Plaintiff's interpretation of certain of

purported policies and procedures, statements of policy and acknowledgements of statements of

policy (Complaint, ¶ 8); (iii) the heading above paragraph 26 of the Complaint which states

"Defendant Attempts to Hide His Activities" and paragraphs 26-33 thereunder, which comprise

nearly 20% of all allegations in the Complaint, relating to a Financial Industry Regulatory

Authority (hereinafter, "FINRA") "inquiry"[1] and (iv) paragraphs 34 and 38 of the Complaint to

the extent such paragraphs re-allege and incorporate by reference allegations requested to be

stricken, on the grounds that these allegations are redundant, immaterial, impertinent and

scandalous and thereby violate Rule 12(f) of the Federal Rules of Civil Procedure (all such

allegations requested to be stricken to be collectively referred to as the "Improper Allegations").

In its opposition (hereinafter, the "Response") dated May 23, 2011 -- 18 days after the

date of the Motion to Strike -- Plaintiff provides further support for Pro Se Defendant's argument

that the Improper Allegations should be stricken.  In Plaintiff's own words, the Improper

Allegations portray Pro Se Defendant as a liar, a deviant and a person who "knowingly flout[ed]

---

[1] This Court should not permit to stand the scandalous, prejudicial and untrue allegations that Pro Se Defendant's inability to notice his significant other's name at the end of a voluminous list of entities and names, including those of public figures, purportedly drafted by FINRA (a self-regulatory organization which has no authority to regulate attorneys) and dated 5+ months after the allegedly unlawful purchase of CNET stock was an attempt to "hide his activities". See Complaint, heading above ¶ 26 and ¶¶ 26-33. Indeed, Plaintiff's own interviews with Pro Se Defendant's former colleagues (including a Dewey partner and senior counsel within Pro Se Defendant's practice group) revealed the faultiness of this assumption as not one of at least three Dewey attorneys who knew Pro Se Defendant's significant other noticed her name on the list, either. The Dewey partner, who had previously invited Pro Se Defendant and his significant other over for dinner and had recently entertained the couple on his boat (and prior thereto, emailed her at an email address containing her last name) was "shocked" that he hadn't noticed her name on the list. Like Pro Se Defendant, the Dewey partner and senior counsel conveyed to Plaintiff that they knew nothing about FINRA and paid little attention to FINRA's list.

firm policies". See Response at pp. 3-6. Scandalous matter is matter which casts a derogatory light on someone, most typically a party to the action. See 5A C. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure Civil (2d)* § 1382, at 712 (1990). Plaintiff therefore agrees that the Improper Allegations are scandalous. See *id.*

Plaintiff's baseless assertion that "[b]ecause [Pro Se Defendant] has not denied or moved to strike the remaining 32 paragraphs of the complaint, those paragraphs should be deemed admitted" (See Response at p. 1) directly contradicts the well-established opinion of this Court[2]. As this Court is well aware, a pre-answer motion under Rule 12 of the Federal Rules of Civil Procedure that addresses less than all of the counts or claims in the complaint is sufficient to postpone the time to answer the entire complaint. See *Fed. R. Civ. P. 12(a)(4)(A)*, *Finnegan v. University of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-250 (W.D.N.Y. (1998)); *Ricciuti v. New York City Transit Auth.*, 1991 U.S. Dist. LEXIS 13981, at *5 (S.D.N.Y. Oct 1, 1991). Furthermore, Plaintiff's assertion that the Motion to Strike is "simply a delaying tactic" is surprising, since Plaintiff's Complaint was filed nearly four years after allegedly unlawful trades referenced therein. (Complaint at ¶¶ 16-18). Thus, it is Plaintiff, not Pro Se Defendant, who has excessively delayed this matter.

---

[2] Indeed, Pro Se Defendant received an alarming email from Plaintiff on May 11, 2011 which stated Plaintiff's view that, despite the filing of the Motion to Strike, Pro Se Defendant was "in default" because he had not yet answered the Complaint. Plaintiff's email threatened that if Pro Se Defendant did not answer the complaint "in the immediate future", Plaintiff would "file an appropriate motion with the Court." As Plaintiff's assertion that Pro Se Defendant was "in default" is clearly contrary to this Court's well-established opinion, Pro Se Defendant urges this Court to impose sanctions upon Plaintiff for its threats and attempts to trick Pro Se Defendant into answering prematurely.

## ARGUMENT

Plaintiff presents a skewed and incomplete portrayal of case law cited in the Response. Notably, Plaintiff fails to cite any cases in which a court denied a party's motion to strike scandalous allegations from the pleadings.

Plaintiff relies on *Allocco v. Dow Jones & Co., Inc.*, 2002 U.S. Dist. LEXIS 12542 (S.D.N.Y July 10, 2002), for its assertion that: "[i]n order to succeed on a motion to strike, a defendant 'must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant.'" See Response at p. 3. Yet, a review of *Allocco* reveals that the Plaintiff omitted crucial language which proves the inapplicability of such quote to a defendant's motion to strike <u>scandalous</u> allegations from a complaint. The court actually stated "*[t]o have redundant, immaterial or impertinent matters stricken from a pleading*, a defendant must demonstrate that no evidence in support of the allegation would be admissible...." See *Allocco*, at *3 (emphasis added). The Court in *Allocco* considered the relevance of redundant, immaterial and/or impertinent allegations and not whether scandalous allegations should be stricken from the complaint. See *Allocco*, at *3 and *5.

Similarly, Plaintiff cites *Lehtinen v. Bill Communications, Inc.*, 1989 U.S. Dist. LEXIS 3707 (S.D.N.Y. April 12, 1989) to argue that this Court should not "decide to strike a portion of the complaint -- on the grounds that the material could not possibly be relevant -- on the sterile field of the pleadings alone." See Response at p. 3 (quoting *Lehtinen v. Bill Communications, Inc.*, at *20, which quoted *Lipsky v. Commonwealth United Corp.*, 551 F.2d

887, 893 (2d Cir. 1976), where the Court of Appeals reviewed an order granting defendant's motion to strike allegations on the grounds that such allegations were immaterial and irrelevant). However, the Court in *Lehtinen* focused not on whether the allegations in question were scandalous, but on whether "allegedly immaterial or impertinent matter [should be stricken] from a pleading". 1989 U.S. Dist. LEXIS 3707 at *8 (S.D.N.Y. April 12, 1989) (citing *Lipsky,* 551 F.2d 887, 893 (2d Cir. 1976) and later citing *Mitchell v. Hart*, 41 F.R.D. 138, 143 (S.D.N.Y 1966) which limited the "no possible relation" standard solely to motions to strike allegedly immaterial or impertinent matter from a pleading).

Lastly, Plaintiff cites *Skaggs v. Subway Real Estate Corp.*, 2006 WL 1042337 (D. Conn. Apr. 19, 2006), for its argument that the allegations in paragraph 8 of the Complaint "are directly relevant and the motion to strike this paragraph should be denied". See Response at p. 5 (citing *Skaggs*). Yet, contrary to Plaintiff's assertion that *Skaggs* denied defendant's motion to strike because defendant could not show that the allegations had no bearing on the issues in the case (See Response at p. 5), the *Skaggs* opinion clearly states "this Court finds that the defendants have not shown any of the plaintiff's claims to be redundant, immaterial, impertinent or scandalous, and their motion to strike is denied." *Skaggs*, at *2. Furthermore, as *Skaggs* relies on *Lipsky* and *Allocco* for the "legal standard" governing its decision to deny defendant's motion to strike, *Skaggs* should not be relied upon to determine whether scandalous allegations should be stricken. See *id.* Thus, this Court should wholly disregard Plaintiff's references to *Alloco, Lehtinen, Skaggs*, the "burden" that they purportedly

establish and the "relevancy test applicable to a motion to strike" (See Response at pp. 3-5) as none are applicable to motions to strike scandalous allegations.

Contrary to Plaintiff's assertions, motions to strike scandalous allegations are not disfavored. "Motions to strike are not generally favored, except in relation to scandalous matters". *Wine Mkts. Int'l v. Bass,* 1998 U.S. Dist. LEXIS 738 at *133 (E.D.N.Y. 1998). "Scandalous allegations . . . will often be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." Wright, Miller & Marcus, *Fed. Prac. & Proc.: Civil 2d* § 1382, at 714 (West 1994 & Supp. 2001); See also *G-I Holdings, Inc. v. Baron & Budd,* 2002 U.S. Dist. LEXIS 13009, at *555-556 (S.D.N.Y July 18, 2002); *Toto v. McMahan, Brafman, Morgan & Co., 1995 U.S. Dist. LEXIS 1399, 1995 WL 46691,* at *16 (S.D.N.Y. Feb. 7, 1995). In *G-I Holdings,* this Court stated: "allegations, which have been publicized, harm [defendant] in the public eye and could influence prospective jury members....If a party has suffered prejudice as a result of scandalous allegations -- as is likely here -- the solution under Rule 12(f) is not thereafter to ignore the party's plight. The portion is therefore stricken". Similarly, Pro Se Defendant has been prejudiced by the Improper Allegations -- Plaintiff issued a press release about this litigation which contained a link to the Complaint which, as this Court is aware, contains the Improper Allegations. Indeed, a simple internet search results in hundreds of websites which parrot Plaintiff's scandalous allegations. The damage to Pro Se Defendant's reputation and the prejudice suffered by Pro Se Defendant in the eyes of members of the public that might sit on the jury warrants striking the Improper Allegations. See *G-I Holdings, Inc. v. Baron & Budd,* 2002 U.S. Dist. LEXIS 13009, at *555-556 (S.D.N.Y July 18, 2002); *Toto v.*

*McMahan, Brafman, Morgan & Co., 1995 U.S. Dist. LEXIS 1399, 1995 WL 46691*, at *16 (S.D.N.Y. Feb. 7, 1995). The Improper Allegations are not only wholly prejudicial; they were and are designed to prejudice. Contrary to Plaintiff's assertions in the Response, the mere fact that Plaintiff added the eight allegations under the heading "Defendant Attempts to Hide His Activities" -- comprising approximately 20% of all allegations in the Complaint -- after Pro Se Defendant declined to settle with Plaintiff shows that the real purpose of such allegations was to punish Pro Se Defendant for not settling with Plaintiff. If, as Plaintiff alleges, these eight allegations were added "simply to give context to why the firm asked [Pro Se Defendant] whether he knew anyone on the list", the Court should strike these allegations as Rule 12(f) "also is designed to reinforce the requirement in *Rule 8(e)* that pleadings be simple, concise, and direct." *In re Merrill Lynch & Co., Research Reports Sec. Litig.* 2003 U.S. Dist. LEXIS 18717 (S.D.N.Y October 22, 2003) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2d. ed. 1990)).

Plaintiff incorrectly asserts that "[Pro Se Defendant] never explains why he believes [paragraph 8 of the Complaint] is improper" and that "[f]or this reason alone, [Pro Se Defendant's] attempt to strike paragraph 8 should be rejected." See Response at p. 4. Contrary to Plaintiff's misleading statement, the Motion to Strike clearly states that the Improper Allegations (the definition of which includes paragraph 8) "do not have an important relationship to Plaintiff's claim for relief, do not pertain, and are not necessary, to the issues in question, and serve no purpose other than to cast a derogatory light on Defendant; thus Defendant respectfully requests that the Court strike the Improper Allegations from the Complaint." (See Motion to

Strike at p. 2). Not only are the allegations in paragraph 8 of the Complaint scandalous and prejudicial, but they are also duplicative of the allegations that Pro Se Defendant (i) "owed a fiduciary or similar duty of trust and confidence to D&L and its clients to keep this information confidential" (See Complaint at ¶ 9); (ii) allegedly traded "in breach of his duty to D&L and its clients" (See Complaint at ¶ 11); and (iii) allegedly traded "in breach of his duty to D&L and its clients" (See Complaint at ¶ 35). As the Complaint will satisfy the pleading requirements of Rule 8 with respect to the element of "breach of duty" without paragraph 8 of the Complaint, this Court should strike paragraph 8 as, for the same reasons set forth above, it is prejudicial to Pro Se Defendant and the absence thereof will not prejudice Plaintiff. See *G-I Holdings, Inc. v. Baron & Budd*, 2002 U.S. Dist. LEXIS 13009, at *555-556 (S.D.N.Y July 18, 2002); *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

Plaintiff argues throughout its reply that the Motion to Strike should be denied because the Improper Allegations are relevant. See Response at p. 3-7. As previously discussed, the question of relevancy is not relevant to this Court's determination of whether to strike scandalous matters from a complaint. However, even if the relevance of the Improper Allegations were relevant (which Pro Se Defendant does not so concede[3]), this Court has clear

---

[3] The Improper Allegations should be stricken on the grounds that they violate *Fed. R. Evid. 403*. Plaintiff cannot reasonably dispute that the probative value of the Improper Allegations is substantially outweighed by their unfair prejudice to Pro Se Defendant. *Ledford v. Rapid-American Corporation and Schenley Industries, Inc., 1988 U.S. Dist. LEXIS 79*, at *6 (January 8, 1988), provides this Court with further support that the Improper Allegations should be stricken. "Paragraph 10 of the Complaint is a bootstrapping allegation and evidence pertaining thereto would in this Court's view violate *Fed. R. Evid. 403*. Further, there is a real question as to whether the allegations in paragraph 10 of the Complaint even meet the tests of *Fed. R. Evid. 401* and *402*". *Ledford*, at *6.

guidance that it may strike even immaterial and impertinent allegations if doing so will not prejudice Plaintiff. See *Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893* (2d Cir. 1976). In *Lipsky*, this Court stated, in affirming the district court's order, that while the allegations that defendants moved to strike relating to the SEC's opinion on the sufficiency of the various statements "may be relevant and may be admissible...[q]uite frankly, we do not understand how [plaintiff] is harmed by the elimination of the SEC references. If the trial judge finds that testimony or documents from the SEC are admissible on the "best efforts" question, surely [plaintiff] need not allude to this evidence in his complaint as a condition for its admission." See *Lipsky*. Similarly, this Court should find that any Improper Allegations that may be admissible on the scienter or breach of duty questions need not be alluded to in the pleadings, but may instead be shown at trial. See *id*. Plaintiff cannot claim that the absence of the Improper Allegations in the Complaint will preclude Plaintiff from attempting to introduce evidence in proof of these allegations at trial. Thus, this Court should strike the Improper Allegations from the Complaint, whether on grounds of immateriality, impertinence, redundancy or because they are scandalous. See *Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976)*.

DATED: June 2, 2011

Respectfully submitted,

Todd Treadway
Pro Se
2345 S. Ode Street
Alexandria, VA 22202
toddtreadway@hotmail.com
646-853-2425

## CERTIFICATE OF SERVICE

I hereby certify that on *June 2*, 2011, a copy of the foregoing Defendant's Reply Memorandum in Further Support if Its Motion to Strike Improper Allegations in Plaintiff's Complaint was delivered to the following via U.S. Mail:

Frederick L. Block
U.S. Securities and Exchange Commission
100 F Street NE
Washington, D.C. 20549
(202) 551-4919
blockf@sec.gov

By: _____

Todd Treadway
Pro Se
2345 S. Ode Street
Alexandria, VA 22202
toddtreadway@hotmail.com
646-853-2425